IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY MUISE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:24-CV-481-MHT-CSC |
| | ) | |
| HOUSTON COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Gregory Muise filed this 42 U.S.C. § 1983 action on August 7, 2024. Copies of orders previously entered by the Court (Docs. 1, 3) and mailed to Plaintiff by the Clerk were returned by the postal service on August 27 and 29, 2024 (*see* Docs. 4, 5), as undeliverable. Accordingly, on August 30, 2024, the undersigned entered an Order (Doc. 6) requiring Plaintiff to file, by September 9, 2024, a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action and warning Plaintiff that a failure to comply would result in a recommendation of dismissal. Plaintiff's copy of that Order was returned by the postal service on September 11, 2024 (Doc. 7), marked as undeliverable.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102

(11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by **September 30, 2024**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered. The Recommendation is not a final order and therefore it is not appealable.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Resol. Tr. Corp., v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11TH CIR. R. 3–1.

Done, this 16th day of September 2024.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE